[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

--------

No. 07-10255

--------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00391-CV-FTM-99-SPC

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Plaintiff-Appellee,

versus

THE MEDICAL PROTECTIVE COMPANY OF FORT WAYNE, INDIANA,

Defendant-Appellant,

M.D. EDWARD J. TOGGART,
THOMAS E. BELL,

Defendants-Appellees,

--------

No. 07-11577

--------

D.C. Docket No. 04-00391-CV-FTM-99SPC

ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Plaintiff-Appellee,

versus

THE MEDICAL PROTECTIVE COMPANY OF FORT WAYNE INDIANA,

                                                    Defendant-Appellant,

SOUTHWEST FLORIDA HEART GROUP, P.A.,

                                                    Defendant,

M.D. EDWARD J. TOGGART,
THOMAS E. BELL,

                                                    Defendants-Appellees.

———————

Appeals from the United States District Court
for the Middle District of Florida

———————

**(December 4, 2007)**

Before DUBINA and KRAVITCH, Circuit Judges, and GOLDBERG,* Judge.

PER CURIAM:

    Appellant, The Medical Protective Company ("Medical Protective"),

appeals the district court's order granting summary judgment to St. Paul Fire and

Marine Insurance Company ("St. Paul") and to Thomas Bell ("Bell") on its

———————
*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by
designation.

2

declaratory judgment action seeking a court decree that St. Paul had a duty to defend and indemnify Dr. Edward J. Toggart ("Dr. Toggart") and Southwest Florida Heart Group (the "Heart Group") in the underlying negligence action filed by Bell against Dr. Toggart and the Heart Group in state court. Medical Protective also appeals the district court's summary order directing it to reimburse St. Paul for the expenses it has incurred in providing a defense in the underlying suit. In appeal No. 07-11577, Medical Protective appeals the district court's order granting costs and attorney's fees to Dr. Toggart in the amount of $14,641.00, and its attendant order denying Medical Protective post-judgment relief.[1]

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the district court correctly found that under the terms of its policy, Medical Protective owed a duty of defense to its insureds under its professional liability policy based on Bell's claims that he was injured as a result of Dr. Toggart's actions during, and as a result of, a medical procedure.

---

[1] Medical Protective proffers no argument to challenge the district court's denial of its motion for post-judgment relief. Accordingly, we conclude that it has waived on appeal any issues related to that judgment. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

We also conclude that the district court properly ruled that Medical Protective must reimburse St. Paul for the expenses that St. Paul incurred in defending the insureds in the underlying action.

Finally, we affirm the district court's order granting costs and attorney's fees to Dr. Toggart.

**AFFIRMED.**